UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

AHMED A. ELASHMOUNY,

                                    Petitioner,

        -v.-                                                        9: 04-CV-0512
                                                                       (FJS)(GJD)
BUREAU OF IMMIGRATION AND CUSTOMS
ENFORCEMENT and D.B. DREW, Warden, FCI
Ray Brook,

                                    Respondents.

---

APPEARANCES:                            OF COUNSEL:

AHMED A. ELASHMOUNY
Petitioner, *pro se*
A71957159
Buffalo Federal Detention Facility
C-2 (214)
4250 Federal Drive
Batavia, New York 14020

HON. GLENN T. SUDDABY                   JAMES W. GRABLE, Esq.
United States Attorney                  Special Assistant U.S. Attorney
Attorney for Respondent
Department of Homeland Security
District Counsel - Buffalo District
130 Delaware Avenue, Room 203
Buffalo, New York 14202

GUSTAVE J. DI BIANCO, MAGISTRATE JUDGE

## ORDER

        Petitioner Ahmed A. Elashmouny ("petitioner") filed a habeas petition with this Court,

which *inter alia*, challenges a detainer lodged against him by respondent.  The petition also seeks

(1) review of the order of the Board of Immigration Appeals ("BIA") directing petitioner's removal

from this country, (2)  release of petitioner on bond pending judicial review of his removal order,

and (3) review of the BIA decision which found petitioner ineligible to apply for a waiver of

removal.  Petitioner is presently confined at the Buffalo Federal Detention Facility and is subject to

an order of removal to his native land, Egypt, upon completion of his sentence at that institution.[1]

By Order filed January 7, 2005 ("January Order"), this Court granted petitioner's motion to amend his original petition and denied petitioner's motion for release on bail.  Dkt. No. 25. Presently before the Court is a motion by petitioner for reconsideration of that part of the January Order which denied petitioner's request for release on bail.  Dkt. No. 31.

In support of his motion for reconsideration, petitioner claims that since the January Order was issued, petitioner has had a change of circumstances warranting the granting of release on bail. *Id*. at 1.  Specifically, petitioner claims that he has now filed "an application for Asylum and for Withholding of Removal, Under United Nation Convention Against Torture ... ("CAT")." Petitioner argues that, because this application is now pending, his removal from this country is "unlikely" in the "foreseeable future."  *Id*. at 2.  Accordingly, he believes that the lengthy incarceration he faces pending review of this application is unjustified.  *Id*.  Petitioner also argues that his release on bail is warranted because he has raised a "substantial claim" and bail is necessary to make his habeas remedy effective.  *Id*.

Respondent opposes the motion for reconsideration because (1) petitioner has failed to show that his release on bail is necessary to the effectiveness of his habeas remedy; (2) there is no record of petitioner filing an application for asylum, withholding of removal, and Convention Against Torture Protection; (3) petitioner has not exhausted his administrative remedies and has not indicated why these new claims were not raised at petitioner's 1999 deportation hearing; and (4) petitioner has been convicted of aggravated felonies which will bar petitioner from obtaining a waiver of inadmissability under the Immigration and Nationality Act.  Dkt. No. 34.

Petitioner has replied to respondent's opposition.  Dkt. No. 35.  Petitioner states that he did

---

[1] Petitioner's removal has been stayed pending further Court order.  Dkt. No. 19.

file an application for asylum, withholding of removal, and relief under CAT with the Immigration Court in Batavia, New York, but the application was returned to petitioner with instructions that petitioner file the application with the Board of Immigration Appeals. Dkt. No. 35. Petitioner claims that he has now mailed the application to the Board of Immigration Appeals and is awaiting a response from the Board. *Id.*

A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice. *Delaney v. Selsky*, 899 F.Supp. 923, 925 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir.), *cert. denied*, 464 U.S. 864 (1983)).

The Court has reviewed petitioner's motion for reconsideration and finds that none of the reasons set forth warrant reconsideration of the Court's January Order.   Because petitioner has not established any of the above-cited factors relative to this motion for reconsideration, the motion (Dkt. No. 31) is **DENIED**.

**WHEREFORE**, it is hereby

**ORDERED**, that petitioner's motion for reconsideration (Dkt. No. 31) is **DENIED** for the reasons set forth above, and it is further

**ORDERED**, that the Clerk serve a copy of this Order upon the parties.

Dated: April 8, 2005

_____
Hon. Gustave J. DiBianco
U.S. Magistrate Judge