UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

AHMED A. ELASHMOUNY,

                              Petitioner,

                v.                                        9:04-CV-512
                                                                           (FJS/GJD)

BUREAU OF IMMIGRATION AND
CUSTOMS ENFORCEMENT,[1]

                              **Respondent.**
_____

---

[1] In its Notice of Motion for Remand of Deportation Proceeding, Respondent notes that

> [o]n March 1, 2003, the Homeland Security Act of 2002, Pub. L. 107-296, 116 Stat. 2135 (Nov. 25, 2002), codified at 6 U.S. §§ 101-557 [sic], went into effect creating the Department of Homeland Security (DHS). This Act abolished the Immigration and Naturalization Service (INS) and restructured the entire immigration system. 6 U.S.C. § 291 (2003). U.S. Customs and Immigration Enforcement (ICE) was created and is tasked with enforcement functions relating to the detention and removal of aliens formerly handled by the INS. Within ICE, Field Office Directors of the Detention and Removal Office have assumed responsibilities related to the detention and removal of aliens previously held by the INS District Directors. Therefore, **the proper respondent in this matter is William Cleary, Field Office Director, Buffalo Detention and Removal Office, ICE, DHS.**

*See* Notice of Removal, Dkt. No. 36, at 1 n.1 (emphasis added).

      Based upon this assertion, the Court instructs the Clerk of the Court to substitute "William Cleary, Field Office Director, Buffalo Detention and Removal Office, ICE, DHS" as Respondent in this action in place of the current Respondent, "Bureau of Immigration and Customs Enforcement."

| | |
|---|---|
| **APPEARANCES** | **OF COUNSEL** |

**AHMED A. ELASHMOUNY**
**A71957159**
Buffalo Federal Detention Facility
C-2 (214)
4250 Federal Drive
Batavia, New York 14020
Petitioner *pro se*

| | |
|---|---|
| **DEPARTMENT OF HOMELAND SECURITY** | **JAMES W. GRABLE, SAUSA** |

District Counsel - Buffalo District
130 Delaware Avenue, Room 203
Buffalo, New York 14202
Attorneys for Respondent

**SCULLIN, Chief Judge**

## ORDER

Currently before the Court is Respondent's motion for remand of Petitioner's deportation proceeding. *See* Dkt. No. 36. In his initial response to Respondent's motion, Petitioner requested the immediate voluntary withdrawal of his petition and, in addition, moved the Court to issue an Order dismissing his petition without prejudice or, in the alternative, an Order releasing him pending the outcome of this petition and the Immigration Court proceedings. *See* Dkt. No. 37 at 1-2. Subsequently, by letter dated April 6, 2005, Petitioner requested an immediate withdrawal of dismissal of his petition and an Order vacating the stay of removal that this Court had ordered. *See* Letter dated April 6, 2005, Dkt. No. 44, at 1.

In his petition, Petitioner, a native and citizen of Egypt, challenges the Bureau of Immigration Appeals' ("BIA") April 18, 2002 Deportation Order. *See* Declaration of James W. Grable, dated March 7, 2005, at ¶ 11. In support of this petition, Petitioner contends that the

Immigration Judge and the BIA erroneously denied him a waiver of deportation. *See id.* He also seeks a further remand from the BIA to the appropriate Immigration Court to permit him to pursue his application for relief from deportation.

Petitioner was admitted to the United States at New York, New York, on or about April 9, 1991, as a nonimmigrant visitor. *See id.* at ¶ 4. On August 25, 1992, Petitioner was granted status as a lawful permanent resident alien. *See id.*

On October 24, 1994, Petitioner was convicted in the United States District Court for the District of New Jersey, for the offense of fraud and misuse of counterfeit United States visas in violation of 18 U.S.C. § 1546, for which a term of imprisonment was imposed. *See id.* at ¶ 5.

On December 14, 1994, the former INS issued an Order to Show Cause to commence a deportation proceeding against Petitioner, charging him with deportability as a result of the 1994 conviction. *See id.* at ¶ 6. On January 23, 1995, the former INS issued a superceding Order to Show Cause against Petitioner, once again charging him with deportability as a result of the same conviction. *See id.* at ¶ 7.

On December 9, 1998, the former INS attempted to commence a removal proceeding against Petitioner, charging him with removability based upon the 1994 conviction. *See id.* at ¶ 8. An Immigration Judge terminated this removal proceeding when he discovered that Petitioner was already subject to a pending deportation proceeding. *See id.*

Petitioner received a deportation hearing before an Immigration Judge at the Newark Immigration Court in Newark, New Jersey, in 1999. *See id.* at ¶ 9. In a decision dated September 20, 1999, the Immigration Judge found that Petitioner was subject to deportation as charged and ordered that Petitioner be deported from the United States. *See id.* Petitioner filed

an appeal from that Order with the BIA.  *See id.* at ¶ 10.  On April 18, 2002, the BIA dismissed that appeal.  *See id.*

Petitioner recently filed a motion to reopen his deportation proceeding with the BIA, contending that the BIA should reopen his proceeding to permit him to pursue applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). *See id.* at ¶ 12.

In order to prepare a response to Petitioner's motion before the BIA, Respondent's counsel obtained a certified copy of the Record of Proceeding relating to the deportation proceeding that resulted in the Immigration Judge's 1999 Order of Deportation and the BIA's 2002 Order of Deportation.  *See id.* at ¶ 13.  That Record of Proceeding does not contain a transcript of the 1999 deportation proceeding before the Immigration Judge.  *See id.* at ¶ 14.  Moreover, the Executive Office for Immigration Review has advised Respondent's counsel that a transcript of the 1999 deportation hearing does not exist.  *See id.*  Nor can Respondent's counsel determine whether the BIA ever prepared or reviewed a transcript of that hearing when it reviewed Petitioner's appeal from the Immigration Judge's 1999 Order of Deportation.  *See id.*  Therefore, Respondent's counsel asserts that, without a transcript of the 1999 deportation hearing, he cannot defend the BIA's decision affirming the Deportation Order.  *See id.* at ¶ 15.  Moreover, without that transcript, he cannot determine whether Petitioner made any claim to the relief he now seeks in the pending motion to reopen the deportation proceeding, including his application for protection under the CAT.  *See id.*

Based upon his inability to obtain this essential transcript, Respondent consents to this Court issuing an order vacating the Deportation Order and remanding Petitioner's deportation

proceeding to the BIA with a further order remanding Petitioner's deportation proceeding to the appropriate Immigration Court. *See id.* at ¶ 16.[2]

In response to Respondent's motion, Petitioner, by letter entitled "Emergency Letter Motion for Voluntary Dismissal of Habeas Corpus Petition" and dated April 1, 2005, requested that the Court grant him a voluntary dismissal of his habeas petition. *See* Letter dated April 1, 2005, Dkt. No. 41, at 1. Moreover, Petitioner informed the Court that he had sought the consent of Respondent's counsel to "the dismissal of this instant petition without any further proceedings." *See id.*

Subsequently, in a letter entitled "Motion to Withdraw Habeas Petition" and dated April 6, 2005, Petitioner "request[ed] an immediate Withdrawal 'Dismissal' of this instant petition . . . [and] to vacate the stay of removal" that this Court had ordered. *See* Letter dated April 6, 2005, Dkt. No. 44, at 1. In support of this latest request, Petitioner asserted that "[b]ecause my family going [sic] through some difficulties at this time and due to the extraordinary family circumstances, I wish to effect my removal from the United States and to return to [my] homeland 'Egypt' as soon as practicable." *See id.* He also advised the Court that he had submitted a request to the BIA to withdraw his motion to reopen his case. *See id.*

---

[2] Respondent also notes, however, that

> [u]pon reopening and remand of petitioner's deportation proceeding to the BIA and a further remand to the appropriate Immigration Court, counsel for respondent intends to file additional deportation charges against petitioner. Therefore, the IJ will be required to make a determination in the reopened hearing of whether petitioner should be granted any relief from deportation or protection under the CAT.

*See* Respondent's Answer and Consent to Remand, Dkt. No. 26 at Attachment "2" at 3.

In response to Petitioner's April 6, 2005 letter, Respondent filed a letter with the Court dated April 11, 2005, in which he "consent[ed] to an order dismissing or denying the pending habeas petition at this time. Under the circumstances, the government also consents to an appropriate order from this Court dismissing or denying respondent's Motion for Remand of Deportation Proceeding as moot." *See* Letter dated April 11, 2005, Dkt. No. 43, at 1-2.

Accordingly, in light of the parties' submissions, the Court hereby

**ORDERS** that the Clerk of the Court substitute "William Cleary, Field Office Director, Buffalo Detention and Removal Office, ICE, DHS" as Respondent in this action in the place of the current Respondent, "Bureau of Immigration and Customs Enforcement;" and the Court further

**ORDERS** that Petitioner's petition for a writ of habeas corpus is **DISMISSED**; and the Court further

**ORDERS** that Respondent's Motion for Remand of Deportation Proceeding is **DENIED AS MOOT**; and the Court further

**ORDERS** that the Clerk of the Court enter judgment and close this case.

**IT IS SO ORDERED.**

Dated: April 13, 2005
Syracuse, New York

Frederick J. Scullin, Jr.
Chief United States District Court Judge